LINKS: 1, 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00251 GAF (JCx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | Brian S Cabot v. GSR Mortgage Trust 2005-AR5 et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     (In Chambers)

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiff Brian Cabot filed this action in federal court against Defendants GSR Mortgage Trust 2005-AR5, as trustee for America's Servicing Company, and Mortage [sic] Electronic Registration Systems, Inc., invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket No. 1 [Complaint ("Compl.")] ¶ 5.)  Plaintiff alleges that Defendants are improperly asserting a right to foreclose on Plaintiff's property because "none of the Defendants own [Plaintiff's home] loan."  (Id. ¶ 10.)

Defendants have filed a motion to dismiss Plaintiff's Complaint in which they indicate that Plaintiff has not sued the appropriate entities.  (Docket No. 6 [Motion to Dismiss ("Mem.")].)  The appropriate defendants are U.S. Bank National Association, as trustee for GSR Mortgage Loan Trust 2005-AR5 (erroneously sued as GSR Mortgage Trust 2005-AR5, as trustee for America's Servicing Company) and Mortgage Electronic Registration Systems, Inc. ("MERS") (erroneously sued as Mortage Electronic Registration Systems, Inc.).[1]  (Id.)  Because Defendant U.S. Bank National Association was erroneously sued as another entity, Plaintiff has failed to properly allege the bank's citizenship.  Accordingly, Plaintiff is hereby **ORDERED**

---

[1] Plaintiff's allegations with respect to Defendant MERS are not deficient.  Although the caption of the Complaint contains a typo—"Mortage"—paragraph two of the Complaint alleges that "Mortgage Electronic Registration Systems, Inc., ("MERS"), is a corporate entity organized under the laws of the [sic] Delaware with its headquarters and principal place of business located at 1818 Library Street, Suite 300, Reston, VA 20190."  (Compl. ¶ 2.)

LINKS: 1, 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00251 GAF (JCx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | Brian S Cabot v. GSR Mortgage Trust 2005-AR5 et al | | |

**TO SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction.

     Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

     Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

     For purposes of section 1332(a), the citizenship of a trust is based on the citizenship of its trustee. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 ("A trust has the citizenship of its trustee or trustees.") And a national banking association's citizenship is determined by the state of its main office. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). Because the Complaint contains no allegations whatsoever as to Defendant U.S. Bank—let alone as to its main office—Plaintiff has failed to properly allege U.S. Bank's citizenship.

     The Court therefore cannot determine whether it has jurisdiction over the present case. Plaintiffs are **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response is **due by the close of business on Friday, March 15, 2013. Failure to respond will be deemed consent to dismissal of the action**. The hearing on Defendants' motion to dismiss currently scheduled for March 11, 2013 is **CONTINUED to March 25, 2013.**

     **IT IS SO ORDERED.**