JS - 6    **LINKS: 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00251 GAF (JCx) | Date | March 17, 2013 |
|---|---|---|---|
| Title | Brian S Cabot v. GSR Mortgage Trust 2005-AR5 et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         (In Chambers)

### ORDER DISMISSING CASE

     Plaintiff Brian Cabot filed this action in federal court against Defendants GSR Mortgage Trust 2005-AR5, as trustee for America's Servicing Company, and Mortage [sic] Electronic Registration Systems, Inc., invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket No. 1 [Complaint ("Compl.)] ¶ 5.)  Plaintiff alleges that Defendants are improperly asserting a right to foreclose on Plaintiff's property because "none of the Defendants own[s Plaintiff's home] loan."  (Id. ¶ 10.)

     On February 4, 2013, Defendants filed a motion to dismiss Plaintiff's Complaint in which they indicated that Plaintiff has not sued the appropriate entities.  (Docket No. 6 [Motion to Dismiss ("Mem.")].)  The appropriate defendants are U.S. Bank National Association, as trustee for GSR Mortgage Loan Trust 2005-AR5 (erroneously sued as GSR Mortgage Trust 2005-AR5, as trustee for America's Servicing Company) and Mortgage Electronic Registration Systems, Inc. ("MERS") (erroneously sued as Mortage Electronic Registration Systems, Inc.).  (Id.)  Because Defendant U.S. Bank National Association was erroneously sued as another entity, Plaintiff failed to properly allege the bank's citizenship in his Complaint.

     As a result, on March 4, 2013, this Court issued an order directing Plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction.  (Docket No. 8 [3/4/13 Order] at 2.)  The March 4 Order explained that "a national banking association's citizenship is determined by the state of its main office," and cautioned that "[f]ailure to respond w[ould] be deemed consent to dismissal of the action."  Plaintiff did submit a timely response,

JS - 6    **LINKS: 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00251 GAF (JCx) | Date | March 17, 2013 |
|---|---|---|---|
| Title | Brian S Cabot v. GSR Mortgage Trust 2005-AR5 et al | | |

but it does not contain any allegations as to the citizenship of Defendant U.S. Bank. Instead, the response makes the conclusory assertion that "Plaintiff[] ha[s] satisfied the jurisdictional requirements" and then goes on to discuss various legal principles that govern criminal law. (Docket No. 10 [Plaintiff's Response to Order to Show Cause ("Response")] at 2.) As a result of Plaintiff's inadequate response, the Court still lacks the information necessary to determine whether it has subject matter jurisdiction over the action.

Plaintiff's failure to remedy his defective jurisdictional allegations is alone a sufficient basis for dismissal of this action. But the Court's decision to dismiss the case is bolstered by the fact that Defendants have moved to dismiss and Plaintiff himself has requested that the action be removed to bankruptcy court. (Docket Nos. 7, 8.)

Accordingly, the case is **DISMISSED**. Defendants' Motion to Dismiss and Plaintiff's Motion to Remove to Bankruptcy Court are **DENIED as moot**. The hearing on this matter currently scheduled for March 25, 2013, is **VACATED**.

**IT IS SO ORDERED.**